# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Deborah Meek Hickerson,                )<br>                                                           )<br>            Plaintiff,                         )<br>                                                           )<br>    v.                                             )<br>                                                           )<br> Yamaha Motor Corporation, U.S.A., and )<br> Yamaha Motor Co., Ltd.,                 )<br>                                                           )<br>            Defendants.                   )<br>_____ ) | Civil Action No. 8:13-cv-02311-JMC<br><br>**ORDER AND OPINION** |

      This matter is before the court pursuant to Defendants' Motion in Limine seeking to exclude "any evidence of or reference to other incidents, claims or lawsuits, and medical reports related to the same." (ECF No. 62 at 1.)  Specifically, citing Fed. R. Evid. 401, 402, and 403 (relating to relevance) and Fed. R. Evid. 801 and 802 (relating to hearsay), Defendants seek an order barring (1) post-distribution/manufacture evidence and (2) pre-distribution/manufacture evidence of "other incidents" that are not substantially similar to the instant action.  (*Id.* at 3–6.)

      As to relevance, Defendants argue that pre-distribution/manufacture evidence of other incidents is irrelevant because they are neither substantially similar to "the particular (and unique) circumstances of the accident at issue in this case," nor are they relevant to "proving Plaintiffs' [*sic*] product liability claims." (*Id.* at 3.)  Additionally, Defendants assert that "any evidence of or reference to other incidents, claims or lawsuits, and medical reports related to the same" after 2010, when the subject WaveRunner was manufactured, should be excluded because South Carolina case law prohibits the use of post-distribution/manufacture evidence as a basis for liability.  (*Id.* at 3 (citing *Branham v. Ford Motor Co.*, 390 S.C. 203, 227 (2010)).)  Defendants further argue that even if the evidence at issue is deemed relevant, it should still be excluded because the prejudice

1

to Defendants substantially outweighs its relevance. (*Id.* at 7–9 (citing Fed. R. Civ. P. 403).) As to hearsay, Defendants argue that "claims and complaints filed in other actions about other accidents or incidents are clearly hearsay" that require Plaintiff to "establish the proper foundation" for such documents to be admissible. (*Id.* at 6.)

In response, Plaintiff only opposes the exclusion of evidence regarding other incidents claims and lawsuits, based on its relevance in establishing Defendants' notice about issues in the instant action. (ECF No. 85 at 1.) Plaintiff identifies eight prior incidents that she is seeking to introduce as evidence of notice. (*Id.* at 4.) Plaintiff notes that each prior incident exhibits "salient characteristics" to the matter before this court, which she asserts supports her contention that the evidence is substantially similar to the instant action and thus admissible as evidence. (*Id.*)

## I.     ANALYSIS

Under Fed. R. Evid. 401, evidence is relevant if (1) "it has a tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action." Irrelevant evidence may not be admitted as evidence. Fed. R. Evid. 402.

As an initial matter, the court notes that Plaintiff does not oppose excluding post-distribution/manufacture evidence. (ECF No. 85.) Because liability in a product liability action may not be established by post-distribution evidence, *Branham*, 390 S.C. at 226–27, the court finds that excluding post-distribution evidence is appropriate.

Regarding pre-distribution/manufacture evidence, both parties are correct that the standard for relevance of other incidents is proof of substantial similarity. *Jimenez v. Daimler Chrysler Corp.*, 269 F.3d 439, 456 (4th Cir. 2001). Courts utilize the following factors to determine whether evidence regarding causation is sufficiently similar to be admissible: "(1) the products are similar; (2) the alleged defect is similar; (3) causation related to the defect in the other incidents; and (4)

exclusion of all reasonable secondary explanations for the cause of the other incidents." *Buckman v. Bombardier Corp.*, 893 F. Supp. 547, 552 (E.D.N.C.1995) (citing cases); *accord Watson v. Ford Motor Co.*, 389 S.C. 434, 453–54 (2010) (citations omitted) (utilizing the same factors articulated in federal court to determine whether evidence of other incidents are admissible in South Carolina state court). Plaintiff, however, explains that the standard to determine admissibility of evidence submitted to prove notice, rather than negligence, "'is more relaxed.'" (ECF No. 85 at 4 (quoting *Benedi v. McNeil-PPC, Inc.*, 66 F.3d 1378, 1386 (4th Cir.)).) Indeed, in the context of proving notice, "incidents need only be sufficiently similar to make the defendants aware of the dangerous situation." *Benedi*, 66 F.3d at 1386.

The court is inclined to adopt Plaintiff's characterization as to what characteristics other incidents must share with the instant action to be relevant as to Defendants' notice. Mainly, to the extent other incidents involve (1) Defendants, (2) a WaveRunner manufactured by Defendants, (3) "a passenger [that] experienced a rear ejection," into a "jet thrust [that] was propelling the personal water craft," and (4) an expulsion that caused "orifice injury of the anal or vaginal canal," they may be considered relevant evidence in the instant action to prove notice. (ECF No. 85 at 4.) As such, the Exhibits Plaintiff submitted (ECF Nos. 85-1–85-5) are relevant to the instant action under Fed. R. Evid. 401.

The next issue this court must address is whether the probative value of other incident evidence is substantially outweighed by unfair prejudice to Defendants. *See* Fed. R. Evid. 403. The other incidents Plaintiff submits are probative on the issue of notice. The court finds that the prejudice Defendants identify in admitting evidence of other incidents does not outweigh its probative value because (1) Plaintiff is submitting the other incidents as evidence of notice not negligence, (2) Defendants maintain the ability to rebut the significance of the identified other

3

incidents at trial, and (3) to the extent necessary, the court maintains its ability to issue a limiting instruction to the jury to consider the evidence of other incidents solely as evidence of Defendants' notice. *See, e.g.*, *Smith v. Wyeth-Ayerst Lab. Co.*, 278 F. Supp. 2d 684, 703–04 (W.D.N.C. 2003) (denying defendant's motion to exclude related incidents in light of their probative value and in light of the existence of alternative means to curtail prejudice to the defendant).

Finally, in the context of utilizing other incidents as evidence of notice, the truth of the matter asserted in each complaint is irrelevant; therefore hearsay does not apply. *See, e.g.*, *Hershberger v. Ethicon Endo-Surgery, Inc.*, No. 2:10-cv-00837, 2012 WL 1113955, at *4 (S.D.W. Va. Mar. 30, 2012) (discussing how "knowledge and notice of other complaints is likely a non-hearsay purpose" because "the focus would be on [defendant's] receipt of the allegations and its subsequent actions").

## II.     CONCLUSION

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion in Limine (ECF No. 62). Specifically, evidence of or reference to post-distribution/manufacture evidence must be excluded. However, to the extent Defendants seeks to exclude pre-distribution/manufacture evidence of other incidents which exhibit the characteristics identified as sufficiently similar by the court herein and which is being used to prove Defendants' notice, that request is denied.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 19, 2016
Columbia, South Carolina

4