# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Deborah Meek Hickerson, ) | |
| ) | Civil Action No. 8:13-cv-02311-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Yamaha Motor Corporation, U.S.A., and ) | |
| Yamaha Motor Co., Ltd., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court under the Motion in Limine of Defendants Yamaha Motor Corporation, U.S.A., and Yamaha Motor Co., Ltd., (collectively "Defendants"). (ECF No. 63). Defendants seek to preclude Plaintiff Deborah Meek Hickerson ("Plaintiff") from introducing evidence "relating to products, warnings and/or technology" Defendants developed after they manufactured the 2011 Yamaha WaveRunner VXS ("2011 Yamaha WaveRunner") that might imply that Defendants "should have warned, recalled, reported or taken other remedial action" relating to the 2011 Yamaha WaveRunner. (*Id.* at 2.) Defendants maintain that this court should exclude such evidence because they have no post-sale duty to warn, retrofit, or recall under South Carolina product liability law and that evidence suggesting such is thus irrelevant under Fed. R. Evid. 401 and unduly prejudicial under Fed. R. Evid. 403. (ECF No. 63 at 4.)

At a hearing on this matter,[1] Plaintiff averred that it had no intention of introducing evidence to support a claim that Defendants had a post-sale duty to warn, retrofit, or recall. However, in both Plaintiff's Brief in Opposition to Defendants' Motion and at the hearing, Plaintiff

---

[1] A hearing on this matter was held in Greenville, South Carolina on July 18, 2016. (*See* ECF No. 72.)

1

argues for the admissibility of evidence specifically concerning a 2011 Yamaha WaveRunner jet steering nozzle-related recall in May 2012. (ECF No. 80 at 3.) Thus, this court limits its ruling to the admissibility of the May 2012 Yamaha WaveRunner steering nozzle recall evidence.

Plaintiff argues that, because the May 2012 recall occurred a month before the accident, evidence of it should not be excluded because it is not a subsequent remedial measure under Fed. R. Evid. 407. (*Id.* at 3.) At the hearing, Plaintiff also responded to questions of the recall evidence's relevance and prejudicial value by arguing that the purpose of the evidence would be to highlight Defendants' intention to offer "pocket rocket" value as part of the 2011 Yamaha WaveRunner design.

The May 2012 recall involved the jet steering nozzle on the 2011 Yamaha WaveRunner VXS. Nowhere in Plaintiff's Amended Complaint does she point to the steering nozzle on the WaveRunner as being the source of her injuries or even connected to her injuries. (ECF No. 19.) Rather, Plaintiff alleges that defects in the design of the "standard seat" on the 2011 WaveRunner caused her injuries. (*Id.* at 3-7.)

Regarding relevance, to the extent that Plaintiff intends to introduce the recall evidence as evidence of a similar incident—here, another design defect of the same product—the court finds that the evidence should be excluded. Because evidence of similar incidents can be highly prejudicial, "the proponent of other similar incident evidence must establish as a threshold matter that such events occurred under substantially similar circumstances as the plaintiff's incident." *Jones v. Ford Motor Co.*, 204 Fed. App'x 280 (4th Cir. 2006) (unpublished opinion). It is not evident that a potential steering mechanism design defect is substantially similar to an alleged defect in the design of the seat to be relevant. Moreover, Plaintiff has not shown that evidence of

the May 2012 recall tends to make any fact "of consequence" in determining this action "more or less probable than it would be without the evidence."[2] Fed. R. Evid. 401.

Finally, the prejudicial effect of the evidence greatly outweighs its limited or nonexistent probative value because, if it were to be admitted, the jury could become confused and mistakenly associate the existence of a defect in the design of the steering mechanism with the existence of a defect in the design of the "standard seat," which is the specific product design defect this case concerns. Thus, evidence of the recall should be excluded under Fed. R. Evid. 403.

The court therefore **GRANTS** Defendants' Motion in Limine (ECF No. 63) to preclude Plaintiff from introducing at trial evidence relating to the May 2012 recall of the jet steering nozzle.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 19, 2016
Columbia, South Carolina

---

[2] As Defendants pointed out at the hearing, if the purpose of the recall evidence is to highlight Defendants' intention to design the product with "pocket rocket" value, Defendants' marketing materials already reference that intention. (*See* ECF No. 80-3 at 2 (stating, as part of the 2011 Yamaha WaveRunner product planning sheet, that the product design concept was partly to offer "pocket rocket" value).)

3