# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Deborah Meek Hickerson, ) | |
| ) | Civil Action No. 8:13-cv-02311-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Yamaha Motor Corporation, U.S.A., and ) | |
| Yamaha Motor Co., Ltd., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court under Defendants' Motion in Limine to Exclude the Use of English Translations of Japanese Test Report, Including the Phrase "Safety Contour Seat" (ECF No. 69). Specifically, Defendants seek to exclude "the English translations of [Yamaha Motor Corporation ("YMC")]'s December 10 Japanese test report." (*Id.* at 1.)

Presumably to support her claims in this case, Plaintiff's expert witness, Dr. Anand Kaskebar, proposes an alternative design for the product at issue here that incorporates the more sculpted seat from the "Cruiser" design rather than the standard seat on the Yamaha WaveRunner VXS design. (*See generally* ECF No. 69-2.) Plaintiff's expert witness partly relied on a report Defendants had translated and then disclosed to Plaintiff; that report documented the testing Defendants conducted on the more sculpted seat of the Cruiser design. (*See* ECF Nos. 69 at 3, 69-1, 69-2.) The translated version of the report document states that the purpose of the test was to "[e]valuate the safety contour." (ECF No. 69-1).

As part of its Motion, Defendants request that "Plaintiff, her counsel, or her expert witness, Dr. Kaskebar" be precluded from using 1) the phrase, "Safety Contour," to describe features of the Cruiser seat, and 2) the phrase, "Safety Contour Seat," a phrase Dr. Kaskebar uses in his deposition

1

testimony, to refer to the Cruiser seat. (ECF No. 69 at 3.) Defendants first argue that the English translation of the YMC test report is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence. (*Id.* at 4–5.) Defendants secondly maintain that Dr. Kaskebar "lacks the specialized knowledge to assess the reliability of the document" under Rule 703 of the Federal Rules of Evidence. (*Id.* at 3, 6.) Defendants lastly contend that Plaintiff's use of the term, "Safety Contour Seat," is overly prejudicial in violation of Rule 403 of the Federal Rules of Evidence. (*Id.* at 6–7.)

On the question of when a translated document constitutes hearsay, Plaintiff responds that the translated test report at issue here is admissible under the prevailing standard of *United States v. Vidacack*, 553 F.3d 344, 352 (4th Cir. 2009) (citing *United States v. Martinez-Gaytan*, 213 F.3d 890 (5th Cir. 2000)). (ECF No. 88 at 3–4.) In *Vidacack*, the Court of Appeals for the Fourth Circuit recognized that, generally, "'an interpreter is no more than a language conduit and therefore his translation does not create an additional level of hearsay.'" *Vidacack*, 553 F.3d at 352 (quoting *Martinez-Gaytan*, 213 F.3d at 892). The court identified and applied four factors, however, to determine when an exception applies to this general rule: "1) which party supplied the interpreter; 2) whether the interpreter had a motive to mislead or distort; 3) the interpreter's qualifications and language skills; and 4) whether actions taken subsequent to the conversation were consistent with the statements translated." *Id.* (quotation marks omitted). In applying these factors, "the particular facts of a case [should] cast significant doubt upon the accuracy of a [translation]" such that an exception to the general rule is warranted. *Id.* (quotation marks omitted).

Applying the *Vidacack* standard to this case's facts, this court agrees with Plaintiff. The court first notes that Defendants provided the translated test report, that which, by itself, weighs against any apparent motive for the interpreter to misrepresent the translation. (ECF No. 88 at 4.)

Moreover, there is no obvious reason for this court to question the qualifications of the interpreter Defendants used to translate the arguments before they provided them to Plaintiff. (*Id.*)

To prove the inadmissibility of the translated test report, Defendants appear to rely especially on a showing of the fourth factor in *Vidacack*—that is, that actions taken after the translated conversation are not consistent with translated statements. (*See* ECF No. 69 at 5.) Defendants argue:

> YMC's disagreement that the translation of the "Safety Contour" language is accurate, including Mr. [Yashuhiko] Henmi's[1] testimony that it was not reasonable to assume that the term "Safety Contour" referred to the seat's purported enhanced safety, make the translations inadmissible under *Martinez-Gaytan* and *Vidacak*. Moreover, the fact that YMC does not treat the Cruiser seat as a safety feature, but as a comfort design and continues to offer the standard seat on its products also makes the translation inadmissible under the test's fourth factor.

(*Id.*) But upon close inspection of Mr. Henmi's testimony in its full context, it appears that what he deemed "not reasonable" was an assumption that the "sculpting for the last passenger" be referred to as "safety contours" *because it has* "*safety features*." (ECF No. 69-3 at 3 (emphasis added).) Contrary to what Defendants suggest, however, this does not equate to Mr. Henmi deeming altogether unreasonable—much less, incorrect—a reference to the sculpting as "safety contours"; his testimony suggests that the sculpting could reasonably be referred to as "safety contours" for other reasons besides having "safety features." Indeed, when asked why the test documents refer to the sculpting as a "safety contour," Mr. Henmi's explanation suggests that there was a reason:

> This evaluation is not limited to sculpting passenger seat alone. As I explained to you earlier, we are looking at getting on and off the craft or time of towing and so on. So, we are really evaluating various shapes of the craft, making sure that there is nothing sharp edges [sic], which may cause injury to one's leg, or something protruding, which may cause the falling passenger being stuck or hooked. So, here we are evaluating the overall shape.

---

[1] Mr. Yashuhiko Henmi is identified as Defendant YMC's "representative." (ECF No. 69 at 3.)

(*Id.* at 2.)  Thus, this court cannot conclude that any of the post-translation actions Defendants point to—including Mr. Henmi's testimony or Defendants' continued "treatment" of the Cruiser seat as a "comfort design"—are so inconsistent with the translated statements that the report should be deemed inadmissible.[2]  (ECF No. 69 at 5.)

In sum, the court finds that no facts of this case suggest that "significant doubt" as to the translation's accuracy is warranted such that hearsay arguments should be merited.  *United States v. Vidacack*, 553 F.3d 344, 352 (4th Cir. 2009) (citing *United States v. Martinez-Gaytan*, 213 F.3d 890 (5th Cir. 2000)).  Because the court does not find that the translated report constitutes hearsay, the court also rejects Defendants' argument that because Plaintiff's testing expert "lacks . . . expertise to assess the reliability of the English translation . . . he is doing nothing more than transmitting hearsay to the jury."[3]  (ECF No. 69 at 6.)

Finally, this court does not find availing Defendants' argument that any use of the translated document is unfairly prejudicial under Rule 403.  In light of the translation transcript and Mr. Henmi's testimony as to the reasonableness of the translation's meaning, however, this court does find unduly prejudicial a characterization of the sculpted seat on the Cruiser design as a "safety contour seat."  The specific term, "safety contour seat," is not in the translated report and could mislead the jury into concluding that Defendants knew that the jet ski in dispute here did not have a seat Defendants, themselves, referred to as a "safety" seat.  Therefore, the court finds it

---

[2] It also is not clear why Defendants did not determine the "unreasonableness" of the translated statements before disclosing the report to Plaintiff.

[3] Given this ruling, this court does not address Defendants' argument that a hearsay exception does not apply because, Defendants contend, they did not provide the translated document to Plaintiff as a business record.  (*See* ECF No. 69 at 3–4 (arguing that the translated document does not fall within any hearsay exceptions, including business records, under Fed. R. Evid. 803(6).)

appropriate to require Plaintiff, either herself or through other evidence or testimony,[4] to refrain from using the specific phrases, "safety contour seat" or "safety contour cruiser seat."

This court therefore **DENIES IN PART** and **GRANTS IN PART**  Defendants'   Motion in Limine (ECF No. 69).  The Motion is denied with respect to its request for the court to exclude the English translation of YMC's December 10, 2002 Japanese test report.  The Motion is granted as to any use by Plaintiff of the phrases, "safety contour seat" or "safety contour cruiser seat."

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 21, 2016
Columbia, South Carolina

---

[4] *See, e.g.*, ECF No. 69-2 (Ex. B, Kasbekar Dep. at 217:2-6) ("I think a contoured seat similar if not identical to the safety contour cruiser seat . . . would make it reasonably safe with regard to the seat.").