# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Deborah Meek Hickerson, ) | |
| ) | Civil Action No. 8:13-cv-02311-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Yamaha Motor Corp., U.S.A., and Yamaha ) | |
| Motor Co., Ltd., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court under the Motion in Limine of Defendants Yamaha Motor Corporation, U.S.A. and Yamaha Motor Co., Ltd. ("Defendants"), arguing that Plaintiff Deborah Hickerson ("Plaintiff") should be precluded from introducing evidence related to the "Watkins patent"[1] and any other personal watercraft ("PWC") seat or handhold patent Yamaha owned or procured. (ECF No. 66 at 1.)

## I. ARGUMENTS

Defendants argue that evidence pertaining to the Watkins patent and other seat and handhold patents is irrelevant under Fed. R. Evid. 401 and 402. Defendants' argument is grounded in its contention that Plaintiff plans to introduce evidence of these patents to support her claim that there was an alternative reasonable design without showing that this alternative design would have prevented the Yamaha WaveRunner VXS from being "unreasonably dangerous." (*Id*. at 5.) Defendants claim that because Plaintiff fails to do so, the patent evidence is irrelevant. Beyond the issue of relevance, Defendants maintain that evidence regarding the Watkins patent and other seat

---

[1] The Watkins patent is attached as an exhibit (ECF No. 66-2) and includes a personal watercraft design by Scott Watkins and Toshiuiki Hattori. The exhibit has a diagram of the patent design features that include rear seat support and two handholds for passengers underneath the seats.

1

and handhold patents is inadmissible under Fed. R. Evid. 702 because Plaintiff's expert, Dr. Anand Kasbekar, is not qualified to offer expert testimony about the patents in the first instance. (*Id*. at 6.)

Defendants lastly argue that evidence about the patents is inadmissible under Fed. R. Evid. 403 because it is unfairly prejudicial and likely to lead to confusion and unnecessary delay. (*Id*. at 7.) Defendants are concerned that admission of the evidence regarding the patents will mislead the jury to believe that certain features (*i.e.*, supported seats and handgrips) of Yamaha's patented designs are necessary for safety. (*Id*.) Defendants also claim that admission of the patents will cause unnecessary delay because then Defendants will have to present their own expert testimony to rebut that of Dr. Kasbekar. (*Id*.)

Plaintiff opposes Defendants' Motion in Limine arguing that Yamaha's patents featuring the additional seat support are relevant. (ECF No. 91 at 4.) Plaintiff states that such evidence supports Plaintiff's claim that there was a reasonable alternative design—that is, a WaveRunner with the seat support—that could have reduced or avoided the risk of Plaintiff's injury.[2] (*Id.*) Plaintiff also counters that her expert, Dr. Kasbekar, is qualified to testify about the Yamaha patents' engineering designs, given his academic background and the fact that his testimony will concern the "patent's plain language and meaning." (*Id*. at 5.) Plaintiff maintains that admission of the patents would not be unduly prejudicial or cause unnecessary delay because Defendants "cannot call an expert witness to contradict the plain language of the patent." (*Id.*)

---

[2] Plaintiff does not appear to argue for the introduction of patent evidence as such evidence relates to handhold designs or seat straps; she instead focuses her Response on patent evidence as it relates to seat features. (*See generally* ECF No. 91.) The court therefore limits its ruling to patent evidence as it concerns seat features.

## II. ANALYSIS

In first addressing Defendants' relevance argument, the court notes that, under Fed. R. Evid. 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Here, Plaintiff will present patents featuring the additional seat support as evidence of an alternative reasonable design that would have provided more safety than a WaveRunner with the standard seat. South Carolina law requires Plaintiff to prove that there is an alternative reasonable design that would have reduced or prevented the risk of Plaintiff's injury for a strict products liability claim. *See Branham v. Ford Motor Co.*, 390 S.C. 203, 225 (S.C. 2010) ("[I]n a product liability design defect action, the plaintiff must present evidence of a reasonable alternative design. The plaintiff will be required to point to a design flaw in the product and show how his alternative design would have prevented the product from being unreasonably dangerous."). Evidence pertaining to the Watkins patent and other seat patents Yamaha owned or procured therefore is relevant because the evidence makes it more likely that there was an alternative reasonable design in existence at the time that the WaveRunner was being sold and Plaintiff was injured. At this stage, evidence pertaining to these patents survives the low threshold for relevance under Fed. R. Evid. 401. Despite Defendants' arguments otherwise, Plaintiff does not need to produce evidence that the design features of these patents would have prevented the WaveRunner on which she was injured from being "unreasonably dangerous" to survive a relevance objection.[3] *See, e.g.*, *Mickle*

---

[3] To the extent that Plaintiff would need to present such evidence, Plaintiff's expert, Dr. Kasbekar, has conducted testing on additional seat support like the support featured in these patents, and has found that it has "a significant impact on rearward sliding of the passenger on the PWC." (ECF No. 71-7 at 27-28.) Thus, Dr. Kasbekar presumably would be able to offer an opinion about the added safety effects of seat support based on the patents and his own testing of a feature similar to that of the patented designs—in other words, evidence that the risks of harm to Plaintiff from the subject WaveRunner could have been reduced or avoided by the reasonable alternative design.

3

*v. Blackmon*, 166 S.E.2d 173, 193 (S.C. 1969) (rejecting the argument that evidence was not relevant because it did not go to what made the product "unreasonably dangerous" and concluding that the testimony was relevant "to the issue of whether the risk of harm to a passenger was unreasonable").

As for Defendants' argument that Dr. Kasbekar is not qualified to offer testimony about the patents because he does not have any expertise in interpreting patents, the court first observes that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion." Fed. R. Evid. 702. According to his C.V., Dr. Kasbekar has his Ph.D. in Mechanical Engineering and Material Sciences from Duke University and specializes in those fields "with an emphasis on accident investigation, failure analysis, safe product design, computer simulation and 3D-visualization." (ECF No. 66-3 at 1.) Dr. Kasbekar has "over 28 years of experience in the application of computer simulation and scientific visualization to the field of forensic engineering" and has worked in the areas of "forensic engineering, materials characterization, product liability, and failure analysis" as part of his consultation work with Research Engineers, Inc. since 1987. (*Id.*) Dr. Kasbekar also has taught mechanical engineering at the Duke University School of Engineering since 1995. (*Id.* at 1.) Based on Dr. Kasbekar's credentials, this court finds that he is qualified to examine the engineering design of the Watkins patent and other seat patents and testify as to the patent's features and explanations. In response to Defendants' particular concerns, it does not seem that Dr. Kasbekar will be offering testimony about issues that necessitates expertise of patent law.

---

*See, e.g.*, *Casey v. Toyota Motor Eng'g & Mfg. N. Am.*, 770 F.3d 322, 331 (5th Cir. 2014) ("A single patent or patent application may form the basis of an expert's conclusion that there exists a safer alternative design, but only if the patent or patent application, together with the expert's analysis of it, proves all of the elements of a safer alternative design.").

Lastly, in addressing Defendants' argument that expert testimony about the patents should be excluded because it would be unfairly prejudicial, confuse the jury, and lead to unnecessary delay, the court observes that under Fed. R. Evid. 403, it can "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The court finds that the probative value of expert testimony regarding the patents is high because they serve as evidence of an alternative reasonable design that was both in existence at the time the WaveRunner at issue was sold and was known to Defendants. The risk of a jury wrongfully assuming that features of the patent were necessary for safety is mitigated by Defendants' opportunity to challenge Dr. Kasbekar's testimony regarding his analysis of the patents and his testing of any patent design features. Additionally, any risk of confusion does not substantially outweigh the high probative value of the patent evidence.

As for Defendants' argument that admission of the patent evidence will lead to unnecessary delay because they will be forced to rebut Dr. Kasbekar's testimony by introducing evidence of their own testing, this court finds that any time spent to produce evidence to rebut relevant expert testimony for the opposing side does not constitute "unnecessary delay" such that the expert testimony altogether should be excluded under Fed. R. Evid. 403.

### III. CONCLUSION

Accordingly, because Dr. Kasbekar is qualified to offer an opinion about the engineering designs contained in the Watkins patent and other seat patents and because his testimony is both relevant and does not pose substantial risks of prejudice, the court **DENIES** Defendants' Motion in Limine (ECF No. 66.)

**IT IS SO ORDERED.**

United States District Judge

August 1, 2016
Columbia, South Carolina